FILED
 2012 Jan-18 AM 11:20
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-02145-KOB-PWG |
| | ) |
| CONSTANCE REESE, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The plaintiff is a prisoner in the custody of the United States Bureau of Prisons. He filed this action on June 17, 2011. At the time the plaintiff filed the complaint, he indicated that he was normally housed at FCI Talladega, but that he was temporarily located at the Northeast Ohio Correctional Center in Youngstown, Ohio. Because he failed to pay the $350 District Court filing fee or move for leave to proceed *in forma pauperis*, the magistrate judge entered an order on June 29, 2011, notifying the plaintiff that he must either pay the full filing fee or file an application to proceed *in forma pauperis* within thirty days. The magistrate judge also notified the plaintiff that an application to proceed *in forma pauperis* must be accompanied by a certified copy of the plaintiff's prison and/or jail account statements for the six-month period immediately preceding the filing of the complaint, and that he must obtain that information from the appropriate official from each prison or jail in which he was confined during that period.[1]

---

[1] 28 U.S.C. § 1915(a)(2).

On July 25, the plaintiff submitted an application to proceed *in forma pauperis*, but failed to include the required six-month account information[2]. Therefore, by order dated July 28, 2011, the magistrate judge advised the plaintiff that the information was not sufficient and reminded him that he must provide account information for the full six-month period immediately preceding the filing of the complaint, and that he must obtain that information from the appropriate official of each institution in which he was confined during that period.

In response to the order of July 28, 2011, the plaintiff submitted a statement indicating that the account manager at the institution where he was confined at the time could not provide account information for any period earlier than June 14, 2011. However, the plaintiff offered no explanation as to why he could not communicate by mail with the appropriate officials at the Bureau of Prisons to obtain the required account information.[3] Therefore, on August 29, 2011, the magistrate judge entered an order notifying the plaintiff in clear and unmistakable terms that he must obtain six-month account information from the appropriate officials at each prison in which he was confined during the six month period immediately preceding the filing of the complaint, and warning him that failure to comply within thirty days would result in dismissal of this action without further notice.[4] On November 7, 2011, the plaintiff submitted correspondence indicating he had been returned to Bureau of Prisons custody and containing a printout from the Lewisburg USP showing certain transactions from August 31, 2011 to October 18, 2011. On November 10, 2011, the magistrate judge granted plaintiff an additional thirty days to comply with the order of August 29, 2011, and again warned him

---

[2]. The application did contain account information from the Northeast Ohio Correctional Center for the period from June 13, 2011 to July 8, 2011.

[3] The *in forma pauperis* statute states unequivocally that prisoners are required to obtain account information from "each prison at which the prisoner is *or was* confined. 28 U.S.C. § 1915(a)(2). (emphasis added).

[4] On October 26, 2011, the order of August 29, 2011, was re-mailed to the plaintiff at the address indicated for him on the Bureau of Prisons website and the plaintiff was granted an additional twenty days to comply.

that failure to comply would result in dismissal of this action without further notice. On December 12, 2011, the plaintiff submitted a notice that he had been temporarily transferred back to the Northeast Ohio Correctional Center, and out of Bureau of Prison custody, and therefore "do[es] not have access to [six] month account statement[s]." However, he again failed to state what specific efforts he had made to obtain the required account information and why the information could not be obtained via the United States mail.

At this point, more than six months has passed since the plaintiff filed this action and he has failed to full comply with the requirement of 28 U.S.C. § 1915(a)(2).[5] Although he has apparently remained in transit during much of that time, he has failed to show what efforts he has made to obtain the required account information and why he could not obtain that information by way of correspondence through the mails. Additionally, he has been notified *on at least five occasions* that failure to comply could result in dismissal of this action for want of prosecution. Accordingly, because the plaintiff has failed to pay the filing fee in this action, or fully comply with the provisions of 28 U.S.C. § 1915(a)(2), the court **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. A separate final order will be entered.

For information regarding the cost of appeal, see the attached notice.

DATED this 18th day of January 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[5] Up to this point, the plaintiff has provided less than three months of prisoner account information.

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
 Clerk

In Replying Give Number
of Case and Names of Parties

NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $450 docket fee plus $5 filing fee (for a total of $455) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)   Pay the total $455 fee to the clerk of the district court from which this case arose; *or*

(2)   arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $455 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $455 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $455 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $455 fee is collected, even if an appeal is unsuccessful.

John Ley
Clerk

PLRA Notice